UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LHC GROUP, INC.,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>BAYER CORP., et al.,<br><br>　　　　　　Defendants. | Case No.  21-cv-03877-HSG<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. No. 22 |

Before the Court is Plaintiff LHC Group, Inc.'s motion to remand this case to Alameda County Superior Court. *See* Dkt. No. 22 ("Mot."). The motion has been fully briefed, Dkt. Nos. 29 ("Opp."), 33 ("Reply"), and the Court heard oral argument. Dkt. No. 38. For the reasons set forth below, the Court **GRANTS** the motion.

## I.　　BACKGROUND

Plaintiff is the administrator of a healthcare benefit plan governed by the Employee Retirement Income Security Act of 1974, also known as ERISA. Under the ERISA plan, Plaintiff reimburses plan members for expenses they incur for medical treatment. Plan members also agree to assign Plaintiff their rights to bring personal injury claims on their behalf against third parties.

Plaintiff brings state-law tort claims on behalf of its plan members against Defendants Bayer Corp., Bayer HealthCare LLC, Bayer Essure Inc., and Bayer HealthCare Pharmaceuticals, Inc. for the manufacture and sale of an allegedly defective birth control product. After the case was filed in Alameda County Superior Court, Defendants removed the case to this Court on the ground that Plaintiff's claims are completely preempted by ERISA. Plaintiff now moves to remand.

//

United States District Court
Northern District of California

United States District Court
Northern District of California

## II.    LEGAL STANDARD

A suit may be removed from state court to federal court only if the federal court would have had subject matter jurisdiction over the case when it was filed.  28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.").  If it appears at any time before final judgment that the federal court lacks subject matter jurisdiction, the federal court must remand the action to state court.  28 U.S.C. § 1447(c).

There is a "strong presumption" against finding removal jurisdiction, which "means that the defendant always has the burden of establishing that removal is proper."  *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted) (holding that "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance").  The Court "resolves all ambiguity in favor of remand to state court."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citation omitted).

28 U.S.C. § 1331 states that district courts have jurisdiction of all civil actions "arising under" federal law.  The Supreme Court has found "arising under" satisfied in either of two circumstances.  "Most directly, and most often, federal jurisdiction attaches when federal law creates the cause of action asserted."  *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 578 U.S. 374, 383 (2016).  But federal jurisdiction also lies over state-law claims if they necessarily raise an actually disputed and substantial federal issue that a federal forum may entertain without disturbing any congressionally approved balance of federal and state power.  *Id*.

## III.    DISCUSSION

"Ordinarily, federal question jurisdiction does not lie where a defendant contends that a state-law claim is preempted by federal law."  *Fossen v. Blue Cross & Blue Shield of Montana, Inc.*, 660 F.3d 1102, 1107 (9th Cir. 2011) (citations omitted).  "But state-law claims may be removed to federal court if the 'complete preemption' doctrine applies."  *Id.* (citations omitted).  "ERISA § 502(a) sets forth a comprehensive civil enforcement scheme that completely preempts state-law causes of action within the scope of these civil enforcement provisions."  *Id.* (alterations and internal quotation marks omitted) (citing *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208-09

1    (2004)).  "Thus, § 502 dictates whether a federal court can exercise jurisdiction over a particular

2    claim for benefits."  *Rudel v. Hawai'i Mgmt. All. Ass'n*, 937 F.3d 1262, 1270 (9th Cir. 2019).

3    "According to its terms, an action to recover benefits due under the terms of a plan to enforce

4    rights under the terms of the plan, or to clarify rights to future benefits will be heard in a federal

5    court."  *Id.* (simplified).

6           Under the test set out by the Supreme Court in *Davila*, ERISA completely preempts a

7    state-law claim if:  "(1) the individual could have brought his claim under this ERISA provision;

8    and (2) no other independent legal duties are implicated by the defendant's actions."  *Id.* (citing

9    *Davila*, 542 U.S. at 210).  To show complete preemption, both elements must be met.  *Hansen v.*

10   *Grp. Health Coop.*, 902 F.3d 1051, 1059 (9th Cir. 2018).

11          Plaintiff argues that Defendants cannot establish either prong of the *Davila* test, making

12   complete preemption removal under ERISA improper.  Defendants oppose, contending that both

13   prongs of the *Davila* test are met because Plaintiff's claim could not otherwise exist without the

14   ERISA plan – a plan that subrogates, or assigns, Plaintiff the right to bring suit on behalf of its

15   plan members.

16          **A.      The First Prong**

17          The first prong of the *Davila* test asks "whether a plaintiff seeking to assert a state-law

18   claim at some point in time, could have brought the claim under ERISA § 502(a)(1)(B)."  *Marin*

19   *Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 947 (9th Cir. 2009) (simplified)

20   (citing *Davila*, 542 U.S. at 210).  As summarized by the *Davila* court, Section 502(a)(1)(B),

21   otherwise known as ERISA's civil enforcement provision, provides that:

22                   If a participant or beneficiary believes that benefits promised to him
                     under the terms of the plan are not provided, he can bring suit seeking
23                   provision of those benefits. A participant or beneficiary can also bring
                     suit generically to "enforce his rights" under the plan, or to clarify any
24                   of his rights to future benefits.

25   542 U.S. at 210.

26          Defendants argue that the first *Davila* prong is met because Plaintiff, an ERISA plan

27   fiduciary, seeks to enforce rights under the ERISA plan.  Opp. at 8.  But Defendants'

28   characterization incorrectly focuses on whether Plaintiff's state-law claim is tied to the

United States District Court
Northern District of California

3

United States District Court
Northern District of California

1    subrogation clause in the Plan.  This is inconsistent with the first *Davila* prong, which examines

2    whether Plaintiff's state-law claims could have been brought to seek provision of benefits

3    promised under ERISA Section 502(a)(1)(B).  *See Kern Cty. Hosp. Auth. v. Cigna Healthcare of*

4    *California, Inc.*, No. 1:16-CV-00432-DAD-JLT, 2017 WL 2791661, at \*2 n.2 (E.D. Cal. June 28,

5    2017) ("*Davila*'s first prong is focused on whether *the* claim at issue could have been brought

6    under § 502(a)(1)(B), not whether plaintiff could have brought *any* claim under § 502(a)(1)(B)."

7    (emphasis in original) (citing *Marin Gen. Hosp.*, 581 F.3d at 947)).  Plaintiff's claims are not

8    brought under Section 502(a)(1)(B) to seek benefits; instead, they are purely state-law tort claims

9    assigned to it to enforce on behalf of its plan members.

10          Defendants thus do not satisfy the first prong of the *Davila* test.

11          **B.     The Second Prong**

12          Even if the first prong of the *Davila* test were met, the Court lacks jurisdiction because

13   Plaintiff's claims are based on independent legal duties and thus fail *Davila*'s second prong.  *See*

14   *Hansen*, 902 F.3d at 1059 ("We need not decide if *Davila*'s first prong is met, because federal

15   court jurisdiction is lacking if either of these interrelated prongs is not satisfied, and *Davila*'s

16   second prong, in our view, is readily shown to be unmet.").

17          "The controlling question for [the Court] under *Davila* is whether a claim relies on the

18   violation of a legal duty that arises independently of the plaintiff's, or their assignor's, ERISA

19   plan."  *Id.* (citing *Davila*, 542 U.S. at 210).  "If there is some other independent legal duty beyond

20   that imposed by an ERISA plan, a claim based on that duty is not completely preempted under §

21   502(a)(1)(B)."  *Id.* (quoting *Marin Gen. Hosp.*, 581 F.3d at 949).

22          Defendants claim that Plaintiff's claims meet the second prong of the *Davila* test because

23   they could not exist in the absence of the ERISA plan.  But this but-for standard misreads *Davila*.

24   "The relevant inquiry . . . focuses on the *origin* of the duty, not its relationship with health plans."

25   *Hansen*, 902 F.3d at 1060 (emphasis in original) (rejecting defendants' contention that "that the

26   statutory duty is not independent because it relies on the existence of a health benefit plan in the

27   first place").  Here, Plaintiff's claims – negligence, strict products liability, concealment,

28   intentional misrepresentation, negligent misrepresentation, breach of express warranty, quasi-

4

1   contract and unjust enrichment – are each based on duties independent of the ERISA plan.  *See id.*

2   (finding second *Davila* prong not met where unfair and deceptive business practice claims were

3   based on independent duties not created by the ERISA plan).

4          Accordingly, Plaintiff's claims do not satisfy *Davila*'s second prong.

5                                          *        *        *

6          Because Plaintiff's claims do not meet either prong of *Davila*, they are not completely

7   preempted by ERISA.  The Court thus does not have federal jurisdiction over this case and must

8   remain it to state court.[1]

9   **IV.    CONCLUSION**

10          The Court **GRANTS** Plaintiff's motion to remand the case to Alameda County Superior

11   Court.  Defendants' pending motion to dismiss, Dkt. No. 21, is denied without prejudice as moot.

12          The Clerk of Court is directed to remand the case to state court and close the file.

13          **IT IS SO ORDERED.**

14   Dated:  3/14/2022

15                                          _____
                                            HAYWOOD S. GILLIAM, JR.
16                                          United States District Judge

17

18

19

20

21

22

23

24

25

26

27   [1] To the extent Defendants raise conflict preemption arguments, the Superior Court can address
those arguments on remand.  *See Marin Gen. Hosp.*, 581 F.3d at 949 ("Defendants are free to
28   assert in state court a defense of conflict preemption under § 514(a), but they cannot rely on that
defense to establish federal question jurisdiction.").

United States District Court
Northern District of California